24 C.C.P.A.(Patents)

## MORGENSTERN et al. v. BURTON.
### Patent Appeal No. 3810.

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Eugene C. Brown, of Washington, D. C., for appellants.

James W. Schmied, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM.

On October 29, 1936, counsel for appellee in this case filed in this court a motion entitled "Motion for Writ of Certiorari to Correct Diminution of the Record."

The motion set forth the matter which it was sought to have added to the record as follows:

"(1) A certified copy of specification and drawings of United States patent to H. H. Haglund 1,901,296, granted March 14, 1933.

"(2) A certified copy of that part of the brief in behalf of Burton in opposition to Morgenstern et al's motion to dissolve filed on or about May 18, 1935 before the Primary Examiner, beginning at page 5, line 20 thereof to and including page 6, line 5.

"(3) A certified copy of that portion of Burton's brief in opposition to the appeal of Morgenstern et al. filed before the Board of Appeals on or about January 7, 1936, beginning at page 4, line 4 thereof to and including line 37."

Counsel for appellant filed opposition to the motion.

The court carefully examined the motion in connection with the printed record, and it appearing that none of the matters which appellee sought to have included were shown to have been *a part of the official record* upon which the case was tried before the Board of Appeals of the United States Patent Office, the motion was denied. As has been our custom in such cases, many of which have been before us, no opinion was written and no reasons for the denial given, it being our supposition that counsel would understand the reasons.

However, counsel for appellee has now filed a second motion to accomplish the end first sought. Appellants oppose this motion also. The second motion states the reasons for the application more elaborately than did the first, but there is nothing new presented tending to show that the Haglund patent was ever actually introduced *into the record* as evidence, or for any other purpose, or considered by any of the Patent Office tribunals, while the case was pending in the Patent Office. The motion, after setting forth the matter alleged to be contained in the Haglund pat-

342

ent which it particularly desires to have incorporated, does state that that patent was urged before the Examiner of Interferences and before the Board of Appeals *in arguments* "which led to the concurring decisions in favor of the appellee," and says that "The additional record to be certified will show this to be a fact."

We do not find any reference to the Haglund patent in the decision of the Primary Examiner, or in the decision of the Examiner of Interferences, or in either of the two decisions (a second decision having been rendered on a request for reconsideration) of the Board of Appeals. There is nothing to show that it was ever offered in evidence, or for any purpose whatsoever. Indeed, we find no mention of it at any place in the printed record before us.

R.S. § 4914 (35 U.S.C.A. § 62), which defines this court's jurisdiction provides: "The court, on petition, shall hear and determine such appeal, * * * on *the evidence produced before the commissioner;* * * * and the revision shall be confined to the points set forth in the reasons of appeal." (Italics ours.)

There is nothing in the reasons of appeal which refers to the Haglund patent.

The numerous instances in which motions, similar to that made by appellee here, have been presented to this court have caused us to depart from our customary practice, and, in order to advise in particular the attorneys who may appear before us in patent cases, set forth our views in this opinion. The record which, under the statute, we are at liberty to accept and consider is only that record which is actually shown to have been presented in the Patent Office.

References which may have been made to the Haglund patent in the arguments and briefs before the tribunals of the Patent Office could not render that patent "evidence," and certainly a brief used before those tribunals is not evidence to be made a part of the record. Briefs are ordinarily prepared and presented by counsel; they are arguments, not evidence. Counsel for appellee is not entitled, as a matter of legal right, to have his arguments or brief before the tribunals of the Patent Office, or any part of same, included in this record as a part thereof, and should the court grant the application to include such, it would be admitting to the record

something not *evidence* "before the commissioner." Dubbs v. Beatie, 71 F.(2d) 302, 21 C.C.P.A.(Patents) 1240.

It not appearing that any of the matter which appellee seeks to have included in the record was a part of the "evidence produced before the commissioner," or that it was ever considered for any purpose by the tribunals of the Patent Office, he is not entitled as a matter of legal right to have it made a part of the record before us. There is no showing that anything was omitted from the record which should have been included. In other words, there was no diminution of the record in this case.

Accordingly, the motion of appellee is again denied.